# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

COURTNEY SMITH,  )
  )
    Plaintiff,  )
  )
-vs-  )  Case No. CIV-17-1142-F
  )
RODNEY WARD, et al.,  )
  )
    Defendants.  )

## ORDER

On December 11, 2017, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation, recommending that plaintiff's cause of action against defendants under 42 U.S.C. § 1983 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Magistrate Judge Purcell specifically concluded that plaintiff's cause of action is barred by the applicable two-year statute of limitations and thus fails to state a claim upon which relief may be granted. In the Supplemental Report and Recommendation, Magistrate Judge Purcell advised plaintiff of her right to file an objection to the recommended ruling and specifically advised plaintiff that if she chooses to file an objection, she may present any arguments she has for tolling of the statute of limitations and also may provide any documents or other evidence in support of her tolling arguments.

Plaintiff filed a timely objection to the Supplemental Report and Recommendation and a motion for supplemental pleading. Plaintiff asserted that she suffers from burdens and disabilities, including post-traumatic stress disorder, which all together constitute a legal disability for tolling the statute of limitations. Plaintiff requested the court to allow her to submit her health record for consideration on the tolling issue.

On January 8, 2018, the court entered an order holding in abeyance Magistrate Judge Purcell's Supplemental Report and Recommendation. The court granted plaintiff leave to supplement her pleading with any evidence she has to support her tolling argument. Plaintiff has submitted a CD containing her medical record, which the court has carefully reviewed.

State law governs the application of tolling in a § 1983 action. Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). Oklahoma law permits tolling in the limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competence is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiff[] into sitting on [her] rights . . . [A]lso . . . [i]n the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

Young v. Davis, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations and citations omitted). Plaintiff bears the burden of establishing a factual basis for tolling. Aldrich v. McCulloch Props, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Upon review of plaintiff's medical record, the court finds that it fails to support a factual basis for the existence of a legal disability based upon impaired competency. Because plaintiff has failed to show a factual basis for the existence of a legal disability and her filings do not support the other circumstances justifying tolling, the court concurs with Magistrate Judge Purcell that her 42 U.S.C. § 1983 action is time-barred. Therefore, the court accepts, adopts and affirms the Supplemental Report and Recommendation in its entirety.

Accordingly, the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell (doc. no. 9) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Plaintiff's cause of action against defendants under

42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief may be granted. The dismissal of this cause of action constitutes one "strike" under 28 U.S.C. § 28 U.S.C. § 1915(g). Judgment shall issue forthwith.

IT IS SO ORDERED this 5th day of March, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1142p003.docx